# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAREL T. HAINES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-01273-JMS-MJD |
| | ) | |
| STANLEY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus,
and Directing Entry of Final Judgment**

The petition of Jarel T. Haines for a writ of habeas corpus challenges a prison disciplinary proceeding, IYC 16-02-0056, in which he was found guilty of possession or use of a controlled substance. For the reasons explained in this Entry, Mr. Haines' habeas petition must be **denied.**

## I. Overview

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On January 31, 2016, Officer J. Aydt wrote a Report of Conduct that charged Mr. Haines with offense 202-B, Possession of a Controlled Substance. The Report of Conduct states:

> On January 31, 2016 at approximately 3:45 PM I Officer J. Aydt #281 was assigned to Housing Unit South when Officer D. Dykes #408 was called via radio to signal 8 H-Unit Bed area. We arrived at the bed area [and] the H-Unit Officer asked Officer Dykes if he could escort offender Haines, Jarel #933623 H4-11U to the sergeant's office. Officer Dykes started escorting the offender down rows 3 and 4 bunks 7-10 area when I clearly observed offender Haines brushed [sic] in to another offender in area the of [sic] H4-8 and he dropped a clear plastic bag with a white powdery substance in it on the floor [and] the other offender tried to step on it. I immediately ordered the offender to back up which he complied. I immediately secured the item in my left pants pocket. And followed behind officer Dykes to the sergeant's office after entering the sergeant's office the offender was strip searched and no other contraband was found the offender was informed he will receive a conduct report. Evidence was taken to shift office for photographs and turned in IA Locker #204.

Dkt. 15-1, p. 1.

Officer Dykes provided the following written statement:

> On Sunday January 31, 2016 at approximately 3:45 PM I was escorting Offender Haines #933623 H4-11U bed area from his bed area up rows 3 & 4 to [sic] when he turned left at H3-8 bed area and brushed into another offender. I continued to escort him out of H-Unit and into one of the classrooms where myself and another officer strip searched the offender, but nothing was found.

Dkt. 15-1, p. 2.

The Notice of Confiscated Property shows that one clear plastic bag containing a white powdery substance was confiscated. Dkt. 15-2. A photograph of the confiscated property was taken. Dkt. 15-3. The facility conducted a field test of the powdery substance, and the results were positive for methamphetamine/amphetamine. Dkt. 15-4.

On February 8, 2016, Mr. Haines was notified of the charge of possession or use of a controlled substance when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). Dkt. 15-5. Mr. Haines was notified of his rights and pleaded not guilty. *Id.* He requested and was provided a lay advocate. Dkt. 15-7. Mr. Haines wished to call as a witness offender Kenneth Croney, who was expected to state that the substance did not belong to Mr. Haines. Dkt. 15-5. As physical evidence, he requested the white powdery substance and NIK, "NIK" being the field test. *Id.*

Offender Croney provided a written statement that said the white substance was his. Dkt. 15-6. He further stated that the officers were performing a shake down on Mr. Haines, that an officer said to stop, but Croney was nervous and threw the dope in the aisle when Mr. Haines was walking by. *Id.* Croney further stated that the officer said he saw Mr. Haines drop the bag when in fact the dope belonged to Croney. *Id.*

The hearing officer conducted a disciplinary hearing in IYC 16-02-0056 on March 3, 2016. Dkt. 15-8. Mr. Haines's comment was "I am guilty." *Id.* The hearing officer found Mr. Haines guilty of class B offense 202, Possession or Use of Controlled Substance. *Id.* The hearing officer stated that he "reviewed all evidence, conduct report, statements, confiscation form, photo, field test from 1.1 and offender plea and finds Haines 933623 guilty of a 202-B." *Id.* Although Mr. Haines did not request a video review, the hearing officer did view the available video and found it coincided with the Report of Conduct. *Id.*; dkt. 15-12, ¶5. The hearing officer recommended and approved sanctions including 20 hours of extra duty, loss of privileges, $5.00 restitution for the field test, a 60-day deprivation of earned credit time, and a demotion from credit class 1 to credit class 2, suspended. Dkt. 15-8. The hearing officer imposed the sanctions

because of the likelihood of the sanctions having a corrective effect on the offender's future behavior. *Id*.

Mr. Haines' appeals were denied. This habeas action followed.

### III. Analysis

Mr. Haines argues that his due process rights were violated during the disciplinary proceeding. He brings a petition for habeas relief on 15 grounds that can be summed up as whether: 1) sufficient evidence supported the disciplinary conviction; 2) he was denied an impartial hearing officer; 3) he was denied evidence; and 4) the proceedings violated Indiana Department of Correction ("IDOC") policies. Dkt. 1.

Mr. Haines' first four claims challenge the sufficiency of the evidence. He asserts that the substance was not white, he never possessed the substance, he never crossed the H4-8 area, and he never went to the sergeant's office on January 31, 2016, nor was he strip searched. He contends that Officer Aydt lied on the conduct report.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016). The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.") (internal quotation omitted). "[T]he relevant question is

whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Mr. Haines was charged with possession of a controlled substance. "Possession" is defined by the Disciplinary Code for Adult Offenders as "[o]n one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control." 02-04-101, III. BB, www.in.gov/idoc/3265.htm.

The evidence that supports the guilty finding includes Mr. Haines' guilty plea and the Report of Conduct containing Officer Aydt's statement that he "clearly observed" Mr. Haines brush into another offender in the area of H4-8 and drop a clear plastic bag with a white powdery substance on the floor. Dkt. 15-1. Other supportive evidence is the field test that indicated that the powdery substance tested positive for a controlled substance. Dkt. 15-4.

Mr. Haines' argument that the substance was not white does not show a due process violation because the substance tested was "grey/white." The description of the powder as white on the Report of Conduct is not inconsistent with the field test. In addition, Mr. Haines argues that offender Croney's statement proves that the "dope" did not belong to Mr. Haines, dkt. 15-6, however, the hearing officer considered this statement. Even if the substance did "belong" to the other offender, Mr. Haines was seen "possessing" it when he dropped it to the floor.

To the extent Mr. Haines challenges various statements written by Officer Aydt in the Report of Conduct, it is not the Court's role to evaluate credibility or weigh the evidence. *See Wilson-El v. Finnan,* 2008 WL 2420994, 281 Fed.Appx. 589, 591 (7th Cir. June 12, 2008) (Courts do not reweigh the evidence or reassess the board's credibility determinations and "show

a higher level of deference to the factual determinations of the board"); *Salazar v. Knight,* 2008 WL 382651, 263 Fed.Appx. 514, 516 (7th Cir. Feb. 13, 2008) (to determine whether the "some evidence" standard is met, "we do not need to assess the credibility of witnesses or weigh evidence") (citing *Hill,* 472 U.S. at 455); *McPherson*, 188 F.3d at 786 ("In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.") (internal quotation omitted).

The evidence was sufficient to support the finding that Mr. Haines possessed a controlled substance.

Claims 5, 6, 7, 11, and 14 of Mr. Haines' petition relate to his belief that the hearing officer tricked him into pleading guilty and was thereby impartial. He contends that the hearing officer, Sgt. Layman, presided over this case as well as another disciplinary case, IYC 16-02-0158, in which Mr. Haines was found guilty of threatening on the same day. Mr. Haines argues that Sgt. Layman persuaded him to plead guilty to the possession charge in exchange for lesser sanctions in the "threatening" case.

A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decisionmaker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, the "the constitutional standard for

impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

Mr. Haines' theory about Sgt. Layman presiding over two of Mr. Haines' cases is misplaced. The respondent has submitted a copy of the disciplinary hearing report from the "threatening" charge. The hearing officer on that case was J. Peltier. Dkt. 15-13. Sgt. Layman did review telephone records which formed the basis of the threatening charge, but he states under penalty of perjury that he did not make any promises to Mr. Haines regarding the effect of his guilty plea in this case as related to the second case, IYC 16-02-0158. Dkt. 15-12. Sgt. Layman also stated that he did not advise Hearing Officer Peltier regarding the sanctions imposed in IYC 16-02-0158. Absent any allegations of Sgt. Layman's involvement in the underlying events or otherwise was partial, these claims lack merit.

Claims 8, 12, and 13 collectively challenge the severity of the sanctions and that his hearing was postponed for no reason. These claims are based on alleged violations of IDOC policy. As such, they are not cognizable in a federal habeas action. *See Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Keller v. Donahue*, 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (an inmate "has no cognizable claim arising from the prison's application of its regulations."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief). These claims are therefore denied as meritless.

Claims 9 and 10 allege that Mr. Haines was denied evidence. He alleges that he did not waive his right to request more physical evidence, including a color photograph of the substances, a framed photograph of the substance, and evidence of the camera angle to prove that Officer Aydt made false statements on the Report of Conduct. He alleges that the screening officer never asked him if he wanted any other evidence. The screening officer, however, did note that Mr. Haines requested physical evidence. He requested the substance and the field test (NIK). He also requested a lay advocate and a witness. There is no record that Mr. Haines requested more evidence that was not written down by the screening officer, and Mr. Haines signed the screening report showing what he had requested. Dkt. 15-1.

Mr. Haines further alleges in his letter of August 1, 2016, dkt. 11, that he was denied his right to camera evidence because it did not have any audio, which was not his fault. The fact that the "camera evidence" lacked audio does not deny Mr. Haines' due process rights. He also alleges in that letter that he asked "everybody, including Stanley Knight" for a color photo of the white powdery substance and requested that the substance be sent out to an outside lab to be retested. In addition to the fact that Mr. Haines did not request the retesting before or during the hearing, such a request, even if timely, would have been properly denied. The limited protections of due process in this context do not include any right to create more evidence. Rather, inmates are entitled to the disclosure of "all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." Jones, 637 F.3d at 847 (internal quotation omitted).

Mr. Haines argues in his reply, dkt. 18, that the hearing officer illegally viewed the video even though Mr. Haines had not requested the video as evidence. The hearing officer did not violate Mr. Haines' due process rights when he considered relevant evidence and listed that

evidence in his Report of Disciplinary Hearing. Dkt. 15-8. In sum, none of Mr. Haines' claims regarding his requests for evidence support a due process violation.

In claim 15, Mr. Haines asserts that the appeal denials he has received on any case since 2000 have had the same response. This does not state a claim of a due process violation and therefore warrants no discussion.

Mr. Haines was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Haines' due process rights.

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings.

Mr. Haines' petition for a writ of habeas corpus is **denied** and the action is dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/6/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Frances Hale Barrow
DEPUTY ATTORNEY GENERAL
frances.barrow@atg.in.gov

JAREL T. HAINES
Jefferson County Jail
317 S. Walnut
Madison, IN 47250